## White's Administrator v. Thompson.

(Decided March 16, 1920.)

Appeal from Jefferson Circuit Court
(Common Pleas Branch, Second Division).

1. Pleading—Departure in Reply.—A denial in a reply of an allegation in the answer will not remove the effect of a contrary affirmative allegation in the petition.

2. Estoppel—Conduct That Will Amount To.—One of the owners of a division fence that was either on the line or on the property of the owner who desired to remove it and put a new fence in its

place wrote a letter to the adjoining landowner informing him of his intention and telling him if he had any objection to make it known. No objection was made, the old-fence was taken down and a new one erected; held that the adjoining landowner was estopped to sue for damages the party who took the old fence down.

MOORMAN & WOODWARD and HARDIN H. HERR for appellant.

D. MOXLEY for appellee.

OPINION OF THE COURT BY CHIEF JUSTICE CARROLL—Affirming.

In this suit by the administrator of Gassaway H. White to recover damages in the sum of $500.00, it was alleged in the petition that he died the owner of a lot 30 feet wide and 150 feet deep in the city of Louisville that adjoined a lot owned by the appellee, Samuel G. Thompson; that Thompson in September, 1916, "without right, or authority and against the will of the said Gassaway H. White and this plaintiff entered upon the aforesaid property and wilfully, wrongfully and unlawfully tore down and destroyed a hedge fence that was on or near the western boundary line of said property of the plaintiffs and further wilfully, wrongfully and unlawfully, tore off a wooden support and railing which was attached to the house of the plaintiff located on the above described lot."

For an answer to the petition Thompson after denying the material averments affirmatively set up by way of estoppel that on or about the time referred to by the plaintiff in his petition "there was a hedge fence on the property of this defendant, separating the property of this defendant from the property of the plaintiff, and this defendant says that he did take the said fence down and erected an iron railing fence in its place on his own property and in within about three inches of the property line of the plaintiff and defendant says that a few days before the hedge fence referred to in the petition was taken down and the iron railing fence erected near the property line of the plaintiff's property, this defendant wrote a letter to the plaintiff, Gassaway White, and notified and informed the said plaintiff in said letter that the said fence was on his property and was a division fence between the property of the plaintiff and the defendant and that it was in bad condition and ought

to be taken down and that he would proceed to take said fence down and erect a new fence on his own property which would be a division fence between his property and the property of the plaintiff and in said letter defendant notified the said plaintiff that if he had any objection to the removal of said fence to state said objection.

"Defendant says that the said letter was received by the said Gassaway White, and that after receiving said letter, said White saw defendant removing the said hedge fence and erect said iron fence and made no protest or objection or complaint of any kind or description and defendant says that the said plaintiff is barred and estopped from claiming any damages because of the removal of said fence by his action in not objecting thereto, and defendant pleads and relies on said facts as an estoppel against the claims of the plaintiff herein."

To this answer a reply was filed denying that the hedge fence was on the property of Thompson and that Thompson "took down any fence other than the hedge fence on the property that decedent White owned."

There was no denial of the allegation in the answer that Thompson wrote or that White received the letter set up in the answer of Thompson.

The lower court sustained a demurrer to the reply and the plaintiff declining to plead further the petition was dismissed.

On the pleadings it will be seen that the lower court was of the opinion that the undenied plea of estoppel set up by Thompson in his answer was a bar to the recovery sought in the petition, and the sufficiency of this defense is the only substantial question in the case.

It will be observed that the petition alleged that the hedge fence torn down by Thompson "was on or near the western boundary line" of the property of the plaintiff, Wm. White, while in the answer of Thompson the allegation was that the fence was on his property and that the iron fence put in its place was also located on his property.

It will be noticed that the reply denies that the hedge fence was on the property of Thompson, but this denial in the reply cannot change the effect of the affirmative admission and averment in the petition that the hedge fence was "on or near" the property line of White, and construing the petition most strongly against the pleader

we must take it for confessed that the hedge fence while on the line was yet located on the property of Thompson.

If this hedge fence had been located on the property of the Whites they could easily have so averred. and the fact that they did not is virtually conclusive of the issue that it was not on their property, and especially are we authorized to so conclude by the failure to deny the allegation of the answer that the iron fence put up to take its place was located on the property of Thompson.

Taking this view of the case Thompson had the right to take down the hedge fence on his own property and put in the place of it on his own property the iron fence.

But if it should be admitted that the hedge fence was immediately on the line between the two lots and partly on each we think the Whites were estopped by their conduct from bringing this action to recover damages for its removal. The confessed allegations of the answer make it a clear case of estoppel under the authority of Trimble v. King, 131 Ky. 4; Johnson v. Elkhorn Gas Coal Mining Co., 176 Ky. 676.

If the letter written by Thompson to White does not under the pleadings constitute an estoppel it would be difficult to find a state of facts that would. Here we have a short division fence, that is either immediately on the line or on the property of an owner who wants to remove it and replace it by another and better fence. This owner writes a letter to the adjoining owner saying to him that the fence was in bad repair and he wanted to take it down and put in its place on his own property, but on the line, a good fence at his own expense; also telling him that if he had any objection he wanted him to make it known. The adjoining owner gets the letter, but makes no objection or protest of any kind; he stands by and sees his neighbor tear down the old, put up a new fence at his own expense and then sues him for damages.

It is further said for appellant that even if he is estopped by the letter from seeking to recover damages on account of the fence that he should have a right to recover for the alleged wrongful act of Thompson in tearing off "a wooden support and railing which was attached to the house of plaintiff." This act on the face of it appears to be a very unsubstantial ground for damages, but aside from its trivial nature it is plain that this piece of wood was in some way a part of or attached to the hedge fence and that in tearing down the fence it

was also pulled down or removed. This railing should go with the fence; the right to remove the fence carried with it the right to remove the railing.

The judgment is affirmed.